## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OPEN THE GOVERNMENT,** | ) |
| 1612 K Street NW, Suite 600 | ) |
| Washington, D.C. 20006 | ) |
| | ) |
| **GOVERNMENT ACCOUNTABILITY** | ) |
| **PROJECT,** | ) |
| 1612 K Street, NW, Suite #1100 | ) |
| Washington, D.C. 20006 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF HEALTH AND** | ) |
| **HUMAN SERVICES,** | ) |
| 200 Independence Ave., S.W. | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| **CENTERS FOR DISEASE CONTROL** | ) |
| **AND PREVENTION,** | ) |
| 395 E Street, SW, Suite 9100 | ) |
| Washington, D.C. 20201 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.     Plaintiffs OPEN THE GOVERNMENT and GOVERNMENT ACCOUNTABILITY PROJECT bring this suit to overturn Defendants U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES and its component CENTERS FOR DISEASE CONTROL AND PREVENTION's failure to comply with Plaintiffs' Freedom of Information Act request for various records sufficient to show the CENTERS FOR DISEASE CONTROL AND PREVENTION's communication strategy regarding COVID-19.

## PARTIES

2.      Plaintiff OPEN THE GOVERNMENT is an inclusive, nonpartisan coalition that works to strengthen our democracy and empower the public by advancing policies that create a more open, accountable, and responsive government.  OPEN THE GOVERNMENT is one of the FOIA requesters in this case

3.      Plaintiff GOVERNMENT ACCOUNTABILITY PROJECT is a non-profit organization serving the public by protecting government and corporate whistleblowers who expose wrongdoing.  GOVERNMENT ACCOUNTABILITY PROJECT is one of the FOIA requesters in this case.

4.      Defendant U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.      Defendant CENTERS FOR DISEASE CONTROL AND PREVENTION ("CDC") is a component of HHS, a federal agency, and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

6.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 11, 2020, FOIA REQUEST

8.      On March 11, 2020, Open The Government and Government Accountability Project ("Plaintiffs") submitted the following FOIA request to CDC:

Pursuant to *5* U.S.C. **§**552 the Freedom of Information Act (FOIA) and on behalf of Open The Government, and the Government Accountability Project, we write to request access to and copies of all communications and records, including emails, documents, memoranda, call logs, text messages, meeting agendas and notes, and any other correspondence, from December 20, 2019 to present that contain the words

"coronavirus" or "COVID19" or "COVID-19" or "clearance" or "taskforce" or "directive" or "public comment" or "White House" or "communication" or "plan" or "strategy" or any combination of those terms in part or in whole to, from, or in the custody of the following staff:

- Michael R. Pence, Vice President of the United States;
- Alex M. Azar II, Secretary of Health and Human Services;
- Dr. Deborah L. Birx, White House Coronavirus Response Coordinator;
- Dr. Robert R. Redfield, Director of the Centers for Disease Control and Prevention, and Administrator of the Agency for Toxic Substances and Disease Registry;
- Michael "Mick" Mulvaney, Acting White House Chief of Staff (former);
- Mark Meadows, White House Chief of Staff;
- VADM Jerome M. Adams, M.D. MPH, Surgeon General of the United States; [and]
- Dr. John P. Anderton, Associate Director for Communications Science, Center for Disease Control and Prevention Office of Public Health Preparedness and Response

Exhibit A.

9.     Plaintiffs requested a fee waiver and expedited processing.  Exhibit A.

10.     On March 17, 2020, CDC acknowledged receipt of the request, assigned reference number 20-00886-FOIA to the matter, granted expedited processing, and determined fees will be waived.  Exhibit B.

11.     In that same letter, CDC stated that "it will be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the statute." Exhibit B.

12.     On April 10, 2020, CDC amended its March 17, 2020 acknowledgment letter by stating that CDC "granted [Plaintiffs] the fee waiver in error."  CDC informed Plaintiffs that they have been classified as "All Other Requesters" and will be charged search fees after two hours and duplication fees.  Exhibit C.

13.     Specifically, CDC claimed that the Plaintiffs' request for a fee waiver does not meet the following criteria: 1) "It will not reveal meaningful information about government

operations or activities that are not already public knowledge": 2) "You have failed to demonstrate that you disseminate information to the public"; and 3) "You have failed to provide sufficient information to warrant a waiver of fees." Exhibit C.

14.    On April 13, 2020, CDC notified Plaintiffs that the request is "overly broad" and sought clarification regarding the subject matter of the records Plaintiffs seek. Exhibit D.

15.    CDC asked Plaintiffs to revise the scope of the request and be as specific as possible about the records or information they seek. Exhibit D.

16.    On April 14, 2020, Plaintiffs narrowed their request:

> We would like to narrow the scope of our request during the same time period as we requested [f]rom December 20, 2019 to March 11, 2020[.] [W]e are interested in record in possession of the CDC for its communication plans related to COVID-19. We know from public reporting that there is a White House Taskforce for coordinating Covid-19 response. We are looking for any guidance given to CDC staffers about the task forces' communication strategy. We see the communication plans in possession of the CDC in response to COVID-19 that any of those names in the original FOIA may sent to CDC staff.

Exhibit E.

17.    On June 8, 2020, CDC informed Plaintiffs that it has "identified responsive records for guidance about the task forces' communication strategy that the CDC FOIA office is already processing for another FOIA request." Exhibit F.

18.    CDC also stated that Plaintiffs "can assist the agency in providing [Plaintiffs] responsive records to [their] request" if Plaintiffs "agree to accept the records" CDC is currently processing for another FOIA request. Exhibit F.

19.    On June 9, 2020, Plaintiffs agreed to accept the records that CDC is currently processing for another FOIA request. Exhibit G.

20.    On June 25, 2020, CDC confirmed receipt of the narrowed request and Plaintiffs' agreement in receiving the records that the CDC is processing for another FOIA requester. CDC

also informed Plaintiffs, "The request is still being processed, and we expect to release the response to that requester in the month of July.  Therefore, post the release of this records set, we will release the same set of records to you thereafter."  Exhibit H.

21.    On July 16, 2020, Plaintiffs asked CDC for an estimated date of completion ("EDC").  Exhibit I.

22.    On July 17, 2020, CDC stated that it is "working to capture this information to provide" to Plaintiffs and hopes to provide a response "next week."  Exhibit J.

23.    While Plaintiffs understand CDC's workload under the circumstances and conferred with CDC in order to assist the agency, CDC has still failed to comply with the requirements of expedited processing and failed to produce the records.

24.    As of the date of this filing, CDC has not issued a determination letter and has produced no responsive records to this request.

**COUNT I – DEFENDANTS' FOIA VIOLATION: EXPEDITED PROCESSING**

25.    The above paragraphs are incorporated herein.

26.    Defendants are federal agencies, subject to FOIA.

27.    The requested records are not exempt under FOIA.

28.    Defendants violated FOIA by failing to comply with the requirements of expedited processing.

**COUNT II – DEFENDANTS' FOIA VIOLATION: FAILURE TO PRODUCE RECORDS**

29.    The above paragraphs are incorporated herein.

30.    Defendants are federal agencies, subject to FOIA.

31.    The requested records are not exempt under FOIA.

32.    Defendants have violated FOIA by failing to produce the requested records.

**WHEREFORE,** Plaintiffs ask the Court to:

    i.    declare that Defendants have violated FOIA;

    ii.    order Defendants to comply with the requirements of expedited processing;

    iii.    order Defendants to conduct a reasonable search for records and to produce the requested records;

    iv.    enjoin Defendants from withholding non-exempt public records under FOIA;

    v.    award Plaintiffs attorneys' fees and costs; and

    vi.    award such other relief the Court considers appropriate.

Dated:  August 19, 2020

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorneys for Plaintiffs,
OPEN THE GOVERNMENT,
GOVERNMENT ACCOUNTABILITY
PROJECT.

Matthew Topic, D.C. Bar No. IL0037
Joshua Burday, D.C. Bar No. IL0042
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com